My name is David Guastello. I represent Lamont Owens, who is currently serving a 221-sentence in Forest City, Arkansas. Mr. Owens was convicted of various drug and firearm offenses after bringing the government to its burden of proof by proceeding to trial. Ultimately, he was convicted of all of those charges, including a felon possession of a firearm under 922 G1 924. Between the trial and the briefing of the appeal here, the court is aware that the United States Supreme Court decided to re-hate the United States, in essence creating an additional element to being in possession of a firearm by an unauthorized person or a prohibited person. And so I want to, for my comments today, I'll be focused on the re-hate element that was created in that case. Because that issue was not presented at the trial level, it is before this court on a plain error standard. As the court is aware, there has to be error, it has to be plain, that error has to affect a substantial right, and the error has to affect the fairness, integrity, or public reputation of the judicial proceedings. I think initially in the government's briefing, there's some argument with regard to waiver and estoppel of that element based on the old chief stipulations that trial counsel entered into with regard to the underlying conviction itself. I don't think that that waiver argument is particularly because that certainly does not apply to the element that re-hate created by the Supreme Court. It was strictly with regard to the underlying conviction. Re-hate, of course, creates this additional element that the government must prove beyond a reasonable doubt that the defendant was aware of his or her status as being a prohibited person at the time of possession of a firearm. What's the prohibited status? That's the prohibited status as being a convicted felon? As being a convicted felon. How many felonies does the defendant have? So Mr. Owens has a total of eight convictions. However, all eight of those convictions occurred in a single charging document that ultimately went to trial. Mr. Owens was convicted of all eight of those felony counts. He was ultimately sentenced, Your Honor, and I'm sure the court's going to have some questions with regard to his sentence because ultimately what the government would have to prove is not only his status as being a convicted felon, but that Mr. Owens was aware that what he was convicted of was a felony and carried with it a sentence of greater than a year. Well, he'd had a homicide conviction, right? Of those offenses that he was convicted of, second-degree murder was included in one. And Judge, ultimately, Mr. Owens... And he had served, what, 22 years? 22 years, a significant period of time. And so I'm sure the court's questions are leading to this fact is, how could Mr. Owens have not realized that he had not been convicted of a felony and that that felony conviction carried with it a sentence of more than a year after serving 22 years? And I believe that that evidence would probably be the extent of the evidence the government would be able to produce on this record that would go to Mr. Owens' knowledge. I think the next question is this. Well, wait, why don't you go back and answer your own question? And I'll get into that. Oh, all right. You already said you were going to the next question. I wanted to stick with the first question. Going back to the sentencing hearing, Judge Case, at the sentencing hearing, was taken aback by the fact that Mr. Owens had only served 22 years because I think it's important to keep in mind that his ultimate sentence... I know. That goes to the current sentence. But the question is, how could he not know that he was convicted of a felony if he's convicted of murder and served 22 years? Do you think it was misdemeanor murder, or what's your theory? Well, I think the record would suggest this, is that when the district court was imposing sentencing  the court was taken aback by the fact that ultimately that sentence was an 80-year sentence. So looking at Mr. Owens and how he perceived that, you have to think back to the 17-, 18-, 19-year-old who was sentenced to 80 years back in that state conviction. He would have been thinking, this is a life sentence. I'm never getting out of prison again. So the question that the court had, and I think the question that Mr. Owens would have, is what was his understanding as to why he only served 22 years of an 80-year sentence? Was there, in his mind, could there have been the possibility that he thought that there was somehow a change in the law? In his mind, could there be some misunderstanding that he had successfully appealed an issue? Or if there had been some potential post-conviction relief that somehow erased that underlying conviction? What's the real answer? Did he get out on parole? I believe the real answer is that he was paroled. And I think that in— Wouldn't he have had a parole proceeding then where he was told, you're out on parole? I don't know the answer to that. What I do know is this, is that the sentencing judge as well as the AUSA, and this is in the sentencing transcript, they went back and forth, and the AUSA offered some of his understanding based on his experience in the state system, as well as some of the changes in the sentencing laws in Missouri, and speculated that, well, you know, as early as the early 90s, there was a change in Missouri state law that said that you had to serve 85 percent of the sentence, whereas apparently, according to the AUSA, he believed that that law, because it had not taken place, allowed Mr. Owens to serve such a small fraction of the underlying sentence. How does your argument square with the Hollingshed case from last year? And thank you for bringing that to my attention, and the Council for Government provided notice of those subsequent cases that have been decided by the Eighth Circuit after a briefing of this issue. With Hollingshed, and I think there's other cases that are similar to that, Hollingshed, the defendant served a significant sentence, a sentence of more than five years, around five years. But Hollingshed, there was also other evidence in the record that went directly to his knowledge that he should not have been, that he was a prohibited person, and in particular, in Hollingshed, there was the jail-recorded telephone calls where the defendant was having conversations, and those conversations supported the fact that he was, that he knew of his status of being a prohibited person. And I believe that it went directly to that time frame of when he was alleged to have been in possession. One of the problems I'm having is you're placing the burden in some respects on the government here, and we're in plain air review, and I think you have the burden of showing that the air was, well, you've probably shown the air was plain just by rehab's existence, but that it affected your client's substantial rights. So you really, I think, need to point to some affirmative showing that you can make, that it's different from Hollingshed, I guess. Right, that somehow the outcome will be different. And so I think, one, the first thing to keep in mind is Mr. Owens, unlike some of the defendants in these rehab appeals, one, he went to trial. And so any time that we've got an element, an additional element that's being presented to a jury, and it's an important element, he's being denied his Fifth and Sixth Amendment right to have that presented to that jury. That goes to air and plain air, though, I think. Now, when you look at what is going to be the universe of the evidence in the record before the court on how the government would be able to present his knowledge of his status, I think it's limited only to the fact that there was a conviction and the fact that he served that sentence. It's not going to be like Hollingshed, where there's that evidence plus the jail calls. Well, let me ask you this. I'm going to ask it in a contrary way, which is, what evidence would you have been able to present that he didn't know he was a felon? I mean, is there something, is there something that evidence that you just didn't present at the first trial or presented at the first trial that would go to that? Judge, as I stand here, I do not know. And I would at least point out that I was not trial counsel. Fair enough. What I would say is this, is that, in essence, the government's evidence would be circumstantial in nature, saying, here's the facts, here's the conviction, here's the time he spent in jail, and you can assume then that he knew, and there's no reason not to think that. I think just interjecting the fact, and it's an undisputed fact, that the sentence itself was 80 years, and he only served a fraction of that, could at least create some- A fourth is a pretty significant fraction of 80. You know, that's 20 years out of, that's not an insignificant amount of time, and certainly enough to put someone on notice that the crime they've been charged with meets the qualification of a felony. And I think this is the only instance that those words have come out of my mouth, that 22 years is a fraction, it is a significant period of time. But in relation to the 80 years, and in fact, Judge Kaye's sentencing thought that that was- But how about in relation to one year, which is all that's required to put someone in prison for a felony? And it's significantly more than that. I think the point that I'm trying to make is this, is that the fact that it's so much less than 80 years could at least create the misplaced, mind you, but perhaps genuinely held misunderstanding as to why Mr. Owens believed he was being released. Well, then I think we're somewhat speculating, and we're certainly getting a field of plain error standards. I think I would also point out one of the cases that the government provided in its notice to the court that has been decided since the briefing of this case was United States v. Davies. And in United States v. Davies, the defendant there had entered a guilty plea to an Iowa state felony. Between the plea, but before sentencing, that particular defendant possessed the firearms that ultimately resulted in him being charged with felony possession. Now, there's no dispute that under Iowa law, and frankly most laws, that the time of the conviction takes place at the time of the guilty plea. It has nothing to do with the time of sentence. But at least the Eighth Circuit under those findings said there's at least some reasonable belief that a defendant under terminal circumstances might be under the misimpression that that conviction did not take place until the sentence. And I think that's similar to Mr. Owens when you have a defendant who served a little bit more than a fourth of his sentence. And that's not the case, that's not the current status of the law. So when somebody's released after serving such a short period of the overall sentence, that could at least create a similar reasonable misunderstanding about his status, similar to the defendant in Davies. And that's what the argument would be with regard to the presentation that that would be made to the jury with regard to that additional rehave element that could create a different outcome of the trial. And ultimately, that's what we're talking about. Counsel, do you wish to address any of the other issues you've raised? I don't. And so if there's no further questions with regard to this issue, I'll yield the remainder of my time. All right. Mr. Coffey? If it pleases the Court, yes, I have copious notes on all seven points, but unless the Court has questions on anything other than the – I pronounce it rooheef because Justice Roberts, in the oral arguments, and I assumed he did a little research, I may be occult of one, but when I heard him announce the case, he said rooheef. So that's the way I've been pronouncing it, and I'm the only one. But I'll confine my remarks to those issues unless the Court has questions on any of the other issues. Our argument here is threefold, really. We start with the fact that this case was tried and the defendant was sentenced, obviously, pre-rooheef. And in those situations, there's really three things the defendant has been arguing, two of which he's arguing here. One is sufficiency of the indictment. That's not here. The other one is instructions and sufficiency of the evidence. And in this case, he's arguing in two separate places. Our instructions are bad, and we didn't have sufficient evidence. Obviously, the instruction did not include that element. The case law in this circuit and virtually every circuit, I think every circuit, was that you didn't have to prove that the defendant had knowledge of his status. Therefore, there was no need to put that in. And as we point out in our brief, we basically were precluded from doing that by the old chief stipulation. In the old chief case, the government ended up getting reversed because the trial judge allowed it, even though there was a stipulation, or the defendant had agreed to do a stipulation, I forget which, but they put in the nature of the offense and the sentence he had received under the theory that the government shouldn't be limited in his quantum of proof. And the Supreme Court and old chief says, no, the defendant can enter that stipulation. You don't have any power to stop him. And once he or she does that, you're limited in your evidence. So in this case, we have an old chief stipulation, where he stipulated merely that he had previously been convicted of a felony punishable by more, or a crime punishable by more than one year. Our hands were tied at that point. We could not have presented any additional evidence unless it came in in some other way, like Rule 404B evidence or maybe some admissions the defendant might have made that, hey, I know I'm not supposed to have a weapon. We didn't have that in this case. But the reason, of course, we didn't have that is because, A, the law at the time was we didn't need to put it in. And, two, if we'd wanted to go ahead and said, wow, maybe Rahif is going to require this, we couldn't have done that. Now, earlier this week I sent a 28-J letter to the court. I attached about, I can't count them, five cases, all of which were decided after we briefed the case. The Hollingshed case is the first case and is more instructive, maybe. And Hollingshed, the defendant raised the issue in two ways. He raised it as sufficiency and he raised it as an instructional error. And the court, without going into great detail, just funneled it into an instructional error and said, looking at the whole record, there's no plain error. So our threshold argument, again, is getting back to the Rahif's, excuse me, the old chief stipulation. Now, there have been no circuits that have addressed that. This morning, out of an abundance of caution, I thought, well, let's see if there's any district court cases. The question of whether, yeah, the question of whether. How would it be a waiver? He didn't waive the knowledge element. He just didn't raise it and you thought you didn't have to prove it. I'm sorry. It's more like invited error, where you enter into a stipulation that precludes us from presenting the evidence you now say we needed. Well, if the government had conceded that we have to prove knowledge, would you have been precluded from proving it? Your position was we don't have to prove it. Right. But if the law had been different, right. The point is he's saying we didn't, we didn't prove something that his stipulation prevented us from proving. I mean, that's. I don't understand how it prevented you from proving that. Because the Supreme Court and old chief says if we had gone ahead, I'm not saying we would have, because, but if we could have, we would have. I mean, they tried to do that. Obviously, it helps our case to point out what offense the defendant was convicted of and how much time he served. But prevented you from putting on more if there was no knowledge element. Well, even if there wasn't, I mean, in old chief, they didn't put it on to, in old chief, the government didn't put it on to prove knowledge. I mean, they put it on because they wanted. That's my point, though, that you're saying he's waived the knowledge element. I'm saying it's, I'm saying it's invited error. Yeah, I'm saying that if you enter into a stipulation that we can't stop you from entering. And that keeps us from putting on the evidence that you say we needed to put on. I'm saying that's, I don't know how you want to call it, invited error or whatever. What I was going to say is there have been no circuit courts to decide that. I did see that there have been two. And I know this may not be particularly persuasive to you. But there were two. There are two unreported district court opinions where they don't treat it as waiver. They treat it as a lack of plain air, saying that the old chief stipulation. If you're interested in them, I can provide them with you. But I didn't think you'd find them particularly persuasive. The second part, though, is, all right, so we don't have evidence of knowledge because it wasn't considered a element of knowledge at the time. And the question then becomes, what are we limited to? Are we limited to the evidence that's presented when it's plain air? Or could we look outside the record? The court's cases have, and these are in the cases that I've cited, have said that in terms of determining plain air, you can look at the entire record. So, I mean, there's no question. Now, the jury didn't know this. But there's no question that he had served 22 years of an 80-year sentence. And I think Mr. Costello is missing the point here. It's not how much time he served. It's how long the sentence was because it's sentenced to a term of more than a year. He knew when he was in court, he was sentenced to 80 years. It doesn't matter how many years he actually served. Now, he did serve 22 years. And he did know that he was paroled. And I don't know of anyone in the history of the state, and I probably, maybe it happened, who has been paroled without a parole hearing. But be that as it may, the point here is that he knew he was in prison for more than a year. He knew he had been sentenced for more than a year. And that's all the law requires that he know. So, again, in terms of plein air, we are not limited, and I think that's only fair, we're not limited to the evidence that the jury heard because, as I keep saying, the jury, we couldn't have presented that evidence, absent some other reason for it. So, consequently, the idea that he didn't know he'd been sentenced under these facts to more than a year is really a bit silly. Is there other evidence that you could have presented had rehab, however you pronounce it, been decided? In other words, were there things you actually held back? You talked about the fact that you couldn't, you had the old chief problem. As far as I know, Judge, unlike a lot of these cases where you have admissions or you have actions, where he sees the police and he disposes of the gun, I think we would have had to have presented basically the evidence of his sentences and the time that he had served. That would have been the bulk of our evidence. Have you found a case yet that says the sentence alone is enough to defeat a plein air argument? He says Hollingshead is different because there was jail call in any of these cases. I'd have to look at those. I think there are. I won't, don't. Generally, there are, and I know there are cases out there where that's all, you know, the defendant was in court, he heard the judge say 10 years. That's it. You don't need any more. And I wish I could be more specific. It is true that in Hollingshead there was something else, and in some of the cases there always is. But I think evidence that you were sentenced to more than one year is going to suffice. I don't think you need any more. And I know you could speculate all day about, you know, maybe the defendant thought his conviction had been a set aside. Maybe he just forgot about it. But I don't think that gets him anymore. The jury can draw the inference. There's no question about that. So if the government were to present a, hey, he served two years, the jury could draw that inference. But sufficiency of the evidence and substantial rights analysis once you've identified an error are two different things. And so the question for us really is, is the evidence overwhelming? Is the evidence really strong such that the failure to instruct the jury, the failure to allow the proof, wouldn't have affected the verdict at all? And that seems to me to be a little higher question. It is. And the way you get there in a case like this is the rule that allows you to go outside, because it's plein air, the rule that allows you to go outside the record and look at the evidence the government could have presented. And in this case, there's no question we could have presented enough evidence. You know, we cited the case, and Mr. Garcello mentioned it, the Davies case. And the Davies case is a case where they did reverse insufficiency of the evidence because they found plein air. And the reason was it was clear that it was uncertain as to whether this was a felony. And a reasonable person in his situation might have some doubts because of the timing, or I forget exactly what the facts were. But there was nothing there that would have caused the individual to know necessarily that he was a prohibited person there. Do you think the length of the sentence here makes a difference? I mean, would the government concede if it's a year and a half, then maybe there would be a question. As to knowledge, that the mere fact, standing alone, that somebody has served more than one year in prison may not get you there, but that, you know, and we can talk about whether 21 years is different, but that there are going to be situations where you serve more than one year that might not be sufficient if that's all you have. Well, I think, to answer your question, Judge, I think evidence that the defendant knew, and you're going to be in court, knew that he was sentenced to a term of more than one year is all you need. I don't think you need any more than that. I think the longer the sentence, the stronger the argument is. I mean, like in this case, when you hear 80 years and you hear eight felonies and you've done 22 years, it's a little hard to argue that you didn't know. I mean, you're left to come up with all these hypotheses that, well, maybe he forgot. Maybe he thought it had been set aside. Who knows what he was thinking? Again, maybe he had amnesia and he didn't remember, but I don't think that gets him over the plein air hurdle. I think that any time you have evidence that the defendant has been sentenced to more than a year, I think that's all the law requires. As I said, I'm prepared to answer any questions on any of the other issues, but I don't think there's any reason for me to try to use the remaining eight minutes of my time unless there are additional questions. Thank you, Your Honor. Thank you, Mr. Coffey. Mr. Costello, your rebuttal. Just very, very briefly. The question was asked with regard to whether there's other cases out there where courts have found plein air simply based on the length of the sentence. I certainly don't know of any. It appears that the cases that have been decided by the Eighth Circuit so far have always required the lengthy sentence, the sentence over a year plus something else, whether that be the telephone calls or, for instance, in Green, there was an admission during the sentencing hearing where the defendant said that while serving his sentence that disqualified him from possessing a firearm, that defendant there had watched prison videos about having a gun and what consequences would be if he got caught with a gun. And so all of these cases seem to be lengthy sentence plus something. I believe there's maybe some out-of-circuit cases that have dealt with circumstances where the underlying offense or the disqualifying offense included a previous felon in possession of a firearm, and certainly the nature of that underlying conviction would be problematic, I believe, if any defendant was trying to present a plein air argument to a court of appeals. But ultimately, what we have here with Mr. Owens is not those situations. The extent of the government's evidence would be simply the underlying conviction itself as well as the sentence. And the arguments that have been presented here on behalf of Mr. Owens are simply that, based on the fact that he served such a small portion of that overall sentence, could create some reasonable argument to a jury that would call into question his knowledge and understanding of the status of that conviction. So if there's no further questions. Thank you, Mr. Questello. The court notes you're serving as appointed counsel in the Criminal Justice Act, and we thank you for being part of the panel.